DUAL OFFICE HOLDING — CITY MANAGER — CITY'S URBAN RENEWAL AGENCY Under 11 O.S. 1669 [11-1669] (1971), a city manager may not serve simultaneously as a director or member of his city's urban renewal agency. The Attorney General's Office has received your opinion request wherein you ask the following question: "May a city manager serve simultaneously as a director or member of his city's urban renewal agency under the authority of 11 O.S. 961.29 [11-961.29] (1971)?" Title 11 O.S. 961.29 [11-961.29] (1971), which section is relative to a council manager form of government, as contained in Chapter 18A, states: "Neither the city manager, the council nor any other authority of the city government, may appoint or elect any person related to any councilman, the city manager, or himself, or, in case of a plural authority, to one of its members, by blood or marriage within the third degree, to any office or position of profit in the city government; provided, however, the city manager may appoint himself, or the council may appoint or elect him, to other offices and positions in the city government, subject to regulations adopted by ordinance; but he may not receive compensation for services in such other offices or positions. Except as may be otherwise provided by this Act or by ordinance, the same person may hold more than one office or position of employment in a statutory council manager city" (Emphasis supplied) The conflicting provisions relative to your question are contained in 11 O.S. 1669 [11-1669] and 11 O.S. 1670 [11-1670] (1971). Section 11 O.S. 1669 [11-1669] relative to urban renewal states in part: ". . . No Commissioner or other officer of any Urban Renewal Authority, Board or Commission exercising the powers pursuant to this Act shall hold any other public office under the incorporated city other than his commissionership or office with respect to such Urban Renewal Authority." Section 11 O.S. 1670 [11-1670] provides for the inconsistency in laws by stating: "Insofar as the provisions of this Act are inconsistent with the provisions of any other law, the provisions of this Act shall be controlling. The powers conferred by this Act shall be in addition and supplemental to the power conferred by any other law." Following the general rule of statutory construction as contained in Schroeder v. State,352 P.2d 372 (1960), wherein the Court stated in the first Syllabus: "A statute which is enacted for the primary purpose of dealing with particular subjects, and which prescribes by specific designation the terms and conditions of that particular subject matter, supersedes a general statute which does not specifically refer to the particular subject-matter, but does contain language broad enough to cover the subject matter if the specific statute were not in existence." It is clear that Section 1669 of Title 11 enacted in 1959 is controlling over Section 961.29 as enacted in 1949. It is, therefore, the opinion of the Attorney General that your question should be answered in the negative, in that, under 11 O.S. 1669 [11-1669] (1971) a city manager may not serve simultaneously as a director or member of his city's urban renewal agency. (Donald B. Nevard) (51 O.S. 6 [51-6])